Mrs. Flournoy I thought so until I started looking at the case. Good morning. Good morning. May it please the Court. My name is Taylor Hensel. I'm here on behalf of Deputy Kim Flournoy. In this matter, the Court below held that because Mr. Hall testified that Deputy Flournoy planted evidence, in this case marijuana, in his accessory building, there was a, quote, close question as to whether probable cause existed for Mr. Hall's arrest. That close question resulted in denial of qualified immunity to my client as to Mr. Hall's eminent claims of false arrest and malicious prosecution. The District Court's reliance, however, on Mr. Hall's testimony is inaccurate and incorrect. The District Court quoted, quoting their order, the District Court's order at page 22 that Mr. Hall said that Flournoy planted the marijuana rolling papers and grinder on his property. In fact, Mr. Hall testified that the only way he can see it is that a member of the task force, and he did not say Deputy Flournoy, but a member of the task force must have planted it. As such, the trial court's reliance on Hall's testimony was absolutely incorrect. And as that testimony was the reason cited by the court for the denial of qualified immunity, the lower court should be reversed. Are you asking us to do anything more than review the sufficiency of the evidence underlying the lower court's determination on summary judgment? It seems to me that's the heart of what you're saying, that the District Court mistakenly reviewed the evidence, and this battle is over sufficiency of the evidence. Do I have that right or wrong? It is an issue of evidence, but it's also an issue of the court relying on speculation to- No, no, I understand that, but it goes to the sufficiency of the evidence. You just say the court was wrong about how it weighed the evidence here. This is a sufficiency of the evidence issue, is it not? Correct. And I'm not conceding that it's solely a fact issue, but it is a sufficiency of the evidence because- Well, there's no dispute that if an officer planted drugs in a home or a car wrongfully, and that yielded an arrest based on probable cause, there's clearly established constitutional law saying there was no probable cause and that kind of arrest would be unlawful, right? Absolutely. If there was evidence- So there's no dispute about any of that? No, Your Honor. That- The reason I raise the question is that it seems to me that what we have in front of us, and I may misapprehend this, is purely a question of the sufficiency of the evidence. So let me ask- Let me just finish if I can, please. And as I understand controlling Supreme Court law, and at least a half a dozen times from this circuit, if the only question on interlocutory appeal qualified immunity is the sufficiency of the evidence, period, you might be right about the sufficiency, you might be wrong about the sufficiency, but we're not going to consider it on an interlocutory basis because we're going to consider it on the back end at the final round. Is there something more than sufficiency of the evidence in this case?  The question of law is whether speculation can defeat a motion for summary judgment related to the planning of evidence. It's not a factual issue as in Deputy Flournoy says, I didn't plant the evidence, and Mr. Hall says, I saw her plant the evidence, or she did plant the evidence. So do you have any cases that would help us reach that conclusion? Yes, Your Honor. The problem here is superficially there's this issue of fact. The question is, but is it an error of law to have credited that testimony to any degree to find an issue of fact? You can find that in Roe, which is from 2002 in this court. There the officer, I'm sorry, the plaintiff there alleged that the officer planted evidence, but there was no record evidence to support that allegation. The only evidence was that the officer was involved in the search, that he knew what happened, he knew what was found, and what was not found. There was even further evidence that that officer... Right. I think that's right that in Roe we said that planting or fabricating evidence in an effort to obtain a conviction violates clearly established law. Yes, Your Honor. But in that case, this court found that there was not any record evidence to support that speculation and therefore granted the qualified immunity to the officer and upheld the summary judgment motion at the lower court. So I mean, those are the facts that we have here. You cited to us, for example, Barron's, Barron's for the general rule that simply because the disputes of fact remain, this alone would not bar interlocutory review of the denial of qualified immunity. But in that opinion, we went on to observe that interlocutory review, quote, would not be available when at issue is nothing more than whether the evidence could support a finding of fact that particular conduct occurred. Isn't that the situation we have with Flournoy, where she disputes the sufficiency of the evidence? And then you cite Coutrell for the idea that interlocutory review is available where the denial is based even in part on a disputed issue of law. I think it is right that if there are facts in dispute and a legal question, we would take it on interlocutory review. But if all you have is facts, sufficiency of the evidence, that's really the question that I'm drawing. You may be right. The only question is whether you're in this forum at the right time on an interlocutory appeal. Because remember, that's an exception to the general rule that we want to wait until the final verdict so that we don't have to, this is just a sound prudential rule so that we're not looking at things two times. Congress gives us authority in some circumstances on an interlocutory basis, e.g. from a preliminary injunction, granting it or denying it, stuff like that. But if there's no legal question, and I'm just asking, what's the legal question here? There's certainly no legal question about whether planting evidence would violate the Constitution. The law is long and clearly established. Correct. And I still submit that the legal question, and I agree with the court, and the Koch decision in 2000 also said this, that there's a mixture of law and fact that the court can hear. And even, and that's true if there's a gallon of fact and a teaspoon of law. And I think that the law that the court should look at here is that speculation, whether speculation can support the denial of qualified immunity in this case. If, I guess, if that is not true, if this court cannot look at that question now, then it sets the precedent that every arrested suspect says, that ain't mine, they must have planted it. That's a triable issue in every case. And I don't think that speculation should be- Well, he says mouthed that the following evidence was mounted. One that was the claim it wasn't his. He never said that it was his. He said, I took responsibility to protect my daughter. Two, I got the property and I severely limited access to the property. Did not allow anyone into the building unless the person, he personally was present. Therefore, even then only allowing those folks in whom he knew well. And the guy who had been there earlier, Favors, was a prime candidate for having owned the marijuana, had been banned from the property, which he claimed supported his view when he went forward for a writ of possession. So he said, it's more than I'm just saying it's not mine. This is what I did when I took title to the property. I did A, B, C, D, E, F, G. And from that an inference could be drawn. It's not a great argument. Speaking for myself, the question is whether or not this whole debate, however, is about sufficiency of the evidence and sufficiency alone. Your Honor, to those points, I would say that hindsight is 20-20. But for a qualified immunity analysis, we're looking at what Deputy Forna knew at the time. She didn't know anything about who owned the property. What she did know was that there was constructive possession of the marijuana by someone in that accessory building. Mr. Hall owned it. And that when they were confronted with that bag of marijuana, Mr. Hall said, that's mine. I don't want my daughter to take the fall for it. Those things support probable cause, support at least arguable probable cause under the qualified immunity analysis. You understand, I raise the question because it starts with Supreme Court precedent. Supreme Court of the United States says in Johnson that review is limited to cases posing abstract issues of law. This is not the time to debate facts and the sufficiency of the facts. And it just struck me that that's really what you're arguing, even if you ultimately turn out to be right. I would respectfully disagree. And I think that that would be the case. You disagree with what the Supreme Court said in Johnson? Absolutely not, Your Honor. What I'm saying is. Will you disagree that we're bound by what they said in Johnson? No, Your Honor. What I'm saying is. But tell me what the question of law is. So the question of law is whether, and I'm sorry I sound like a broken record, whether speculation can support the denial of probable immunity. If the evidence offered is so thin, that creates a legal question as well as a fact question. I think there might be. There might be. But that's the argument, right? No, Your Honor. I think there might be a solely fact question, even if he said Kim Flournoy planted that evidence. He didn't even say that. He said, I don't know what could have happened, but this might have happened. That's the speculation that just cannot support this denial here. And that's an issue of law. Got it. Thank you. Hi. I'm Gary Bunch on behalf of Mr. Hall. Our brief basically laid out what the court has raised. That is, that their whole argument, whether you spin it speculation or whatever, is a sufficiency of the evidence, which is not proper now. It's a premature argument. This court does not have jurisdiction of that argument. At a later date, they will have the opportunity to argue that. And it is not speculation. Do you agree that Mr. Hall testified that someone planted, someone on the task force planted the drugs, that he did not say Officer Flournoy planted the drugs? Well, you can't consider that argument either, Your Honor, because— I just want to know the answer to what his affidavit said and what he testified to on deposition. Did he testify someone planted the drugs or did he say Officer Flournoy planted the drugs? They didn't make that argument in the district court. They didn't make that argument in their initial brief. There's case law that issues not raised in the initial brief here would not be considered. You can't raise an issue in the reply brief. And that's what they've done. If you look at their briefs, this issue about who planted it, not the deputy, but someone else, and they have to—we have to show that she participated in it, was never raised in the district court, if you look at their brief. Okay. Granted. But what's the answer to my question? The answer to your question, Your Honor, is the fact that Mr. Hall laid out the fact that he didn't have it. He took extreme— Did he ever say she planted the drugs or did he just say someone from the task force must have planted the drugs? He said someone from the task force and she was in charge of it. But the more important issue for this thing is that they never raised that argument in either the initial brief here or in the district courts. They have abandoned it for this appeal. There's case law, Hartsville v. Lemics, Fifth Third 950, Love v. Diehl, 5 Fifth Third 1406, Allstate Insurance v. Swanson, 27 Fifth Third 1539, the case of 881, 2nd, 1570, and 379 Fifth Third 1241. All those cases says that if it's not raised in the initial brief here, it's abandoned. He didn't raise it. And also this court has stated, and we put it in our brief, that they didn't raise this control issue or who participated in it in the district court. They never raised that issue. So basically, this court doesn't decide issues that were not raised in the district court. And that's basically a case of Esslinger, 555 Fifth Third 1317, Hill v. Jones, 81 Fifth Third 1065, and Bryant v. Jones, 573 Fifth Third 1281. So basically, their arguments are procedurally flawed every step of the way. First they want to argue the facts. And if you look at Mr. Hall's affidavit, it's not speculation. He took steps. He realized that Mr. Favors, Rodriguez Favors, had previously, before he purchased this property, had used it to sell drugs. He comes in. He buys the property. He goes and gets a writ of possession to evict Mr. Favors off the property. He tells Mr. Favors not to come on the property. After he does that, his building's burned down mysteriously. He builds another building, and once that building's built, he laid out in his affidavit that he never let anyone, Mr. Favors, on the property. Mr. Favors had never been on the property in August. The defendant says she never saw Mr. Favors on the property. No one allegedly ever saw Mr. Favors on the property other than the confidential informant. But when I ask the questions about what the confidential informant's relationship with Mr. Favors, how he would know Mr. Favors, etc., etc., they kept objecting, instructing her not to answer. So there's nothing in the record of how the confidential informant would know this. But the main thing is, is that Mr. Hall basically says, I took every step possible to make sure that Mr. Favors did not come on this property. He was never on the property. There's no drugs on the property. There's no illegal activity on the property. There's no rinders. All this, none of this was on the property until they came in that day and it had to be planted. And I've done civil rights litigation, I don't do all civil rights litigation, but what's amazing about this case is what's not said. The deputy never denied, if you look at Judge Batten's opinion, he was even struck by it. She never denied Mr. Hall's statements that this stuff was planted. She never substantively denied it. It was amazing. It's the first case I've ever seen when a law enforcement officer's been accused of planting evidence and they don't deny it. Was she asked the question? What? Was she asked the question, did you plant the dope? And did she not answer the question or was the question never asked? I don't want to say it was, I think it came up in her deposition, but I don't want to misstate the record. If you want me to look through the deposition. No, I'm just curious whether she was asked. Yes, I think that I asked the question. Bear with me. You said she never denied planting the evidence. She never said she planted the evidence either. I'm simply asking whether she was asked point blank, real simple, did you plant the dope in the location on that occasion? I do not believe I asked the question like that, but I believe I gave her every chance that a reasonable person would have denied the accusation. And basically the bottom line is though, is that again, they're talking about the sufficiency of the evidence which this court, I respectfully submit, does not have jurisdiction at this stage to go into. They can call it speculation. They can get any spin they want to, but they're really, the legal issue is that obviously and we cite cases in our brief that planting evidence is a violation of the constitution and someone who plants evidence is not entitled to qualified immunity. So the only issue before this that they're trying to make is there's not enough evidence to trigger that legal conclusion, but that's not what this court decides today. It doesn't have jurisdiction to this. They can come back at a later time as we state in our footnote, in our brief on page 20, the defendant would have the opportunity, had the sufficient evidence reviewed following the final judgment. Johnson applies only to interlocutor review, not appellate review following the final judgment. And so the bottom line is, is that it's qualified immunity plays a very significant role in civil rights litigation. It serves two fundamental important purposes. It stops law enforcement officers who are doing their job in a good faith, lawful manner to be sued when they're exercising their discretionary authority in a proper manner. It also, though, protects citizens from law enforcement officers who basically violate well-established, clearly cut rules of constitutional law. And so the point being is, they're not, Judge Batten made a very reasonable decision. You have to understand here, not only did the deputy was less than candid throughout this case. She signed an affidavit saying that she saw Mr. Hall, he was under surveillance. But in her deposition, she admitted he was never under surveillance. But what about the fact that your client said, I'm going to take responsibility for this? I understand there was a caveat because I want to make sure that my daughter is not held responsible. But isn't the officer entitled to rely upon that simple statement, I'm taking responsibility for it? Doesn't that resolve the issue? No, because he basically said, it's not mine. You planted it. But for the purposes of this, I will take responsibility. But he didn't say, it's not a situation, he says, I will, excuse me, it's not a situation He says, it's mine and let's hurt her, you know, because whatever he said from when she was there, you planted this. But I don't want my daughter arrested. And she testified that if he hadn't said that, she would have arrested the daughter. This is not something that he's made up some fictional accounts. So no, he put her on notice and he stated that it wasn't there until you came. But we're not in a direct criminal appeal. We're dealing with the Section 1983 and we're dealing with qualified immunity. How is it the fact that even with all the qualifications, when Mr. Hall says, it's mine, with all the other qualifications, why isn't that enough in a Section 1983 situation? He didn't say it was mine. I don't want to parse the words like it is, but the point being is, he says to them when they come, you're planting this. It's not there. It's never been there. I've never had a grinder. I've never had marijuana. I've never grown marijuana. I've never allowed marijuana. But if you're going to arrest somebody, arrest me. So basically, he put her on notice that he believed, and it was his position, that he'd done everything he could to keep Mr. Favors and other people off his property. He did everything he could to keep his property clean. He didn't allow any drugs on his property. He told her that. He says, you're planting this, but if you come out here and plant, I will take responsibility to keep my daughter from being arrested. Your Honor, I do not believe that in any way justified what she did, because if she hadn't planned it, he wouldn't have been taking responsibility. You're basically saying that she didn't basically go out and plant things, threatened to not only plant the stuff, but also to have his daughter falsely arrested, and the fact that he wants to protect his daughter from being falsely arrested, she shouldn't be able to escape liability because of that. This is a bad cop, okay? Most of the time, we have good cops, and cops, policemen, most policemen do a great job. Well, it's so interesting that you just said that, because I have a question for you, which is I don't understand why she is the person who was sued. If he doesn't know who planted the evidence, let's assume he believes in good faith that someone on the task force planted the evidence, but he can't say it's her. Why is she the person who's being sued? Is she being held vicariously liable for the other people on the task force? No, but she said she was in charge. She was in charge of getting the warrant. So she's vicariously responsible. No, but she said that she was in charge of executing everything. She was controlling everything. She said that she's in control, but again, they didn't make this argument in either the district court or the initial brief. They never said in the district court that she wasn't responsible, said this was of some type of vicarious liability, and we didn't show her participation. But we review this de novo, don't we? No. If they don't make an argument in the district court, they've abandoned it. They can't basically, if you look at their brief in the district court, they didn't come close to making an argument that we failed to show her participation and her direct involvement. They never raised that issue to this court when they said that she wasn't in control. And in this court, in their first brief, they said they used the issue of control. Then when I addressed that and showed that she basically testified that she's in control, and we put that in the brief, and that they didn't raise that in the district court, then they come back in the reply brief here and said, and by the way, they didn't say that she participated in it firsthand. So again, they didn't raise that in the brief here. I mean, they've done everything backwards and not complying with the rules. But the case law is clear that they have, for the purposes of this interlocutory appeal, they have basically abandoned those issues. Now, they may raise them arguably later in the final argument, but on this case, Your Honor, when they moved for an interlocutory, when they moved for qualified immunity in the district court, they never raised the fact, the argument, that she didn't participate in it or that she wasn't involved in it directly, and this is some type of vicarious liability. They never presented that to Judge Batten, but not presenting to Judge Batten, they can't present it to you if they didn't present it to Judge Batten. And then when they come to this court, they basically say, well, she wasn't in control, but then when I point out that one, they didn't raise that in the district court, and second, she testified she's in control, then they say, well, she may be in control, but she didn't participate directly, but they didn't raise that in the initial brief. So it's like litigation by ambush. Every place we go, they keep changing their argument, but they're not entitled to do that, but more importantly, these are all factual sufficiency arguments, the sufficiency of the evidence, Your Honor. I think we've got the issue. If you could bring your remarks to a conclusion, we'd be much appreciative, Counsel. Well, I think that we, I think Judge Batten's order is proper, and I think that we are entitled to have it affirmed, and the case should proceed, and if they have other arguments at the proper time, at the proper place, they can make those arguments if, but right now, as the record stands right now, we're entitled to have Judge Batten's order on the grounds that we can't hear it on an interlocutory basis. Yes, Your Honor. Thank you. Just one quick point, I guess an issue that was raised on Mr. Hall's oral argument that would have affected the analysis here and might affect your analysis, which is the argument that at the scene, Mr. Hall told the deputies that they planted the evidence, looked Ms. Deputy Florno in the eye and said she planted the evidence. That's incorrect. That is not record evidence. The issue of planting evidence came up on Mr. Hall's deposition, not at the scene. Was your client ever asked point-blank in the deposition whether or not she planted evidence? My client? I'm sorry. No, Your Honor. Absolutely not. You never asked, and he never asked. No, Your Honor. What we did, though, was when those issues came up on summary judgment and statements of material fact, when those statements were made, we objected to them as speculation because they are speculation. No, no, I understand.       She was not asked. She was not asked. She was not asked. She was not asked. She was not asked. She was not asked. She was not asked. No, Your Honor. Did you plant evidence? No, I didn't. Correct. You never asked. No, Your Honor. Okay. So I wanted to resolve that factual issue. As far as, and I know the court is interested in the jurisdictional question, I think I've given citation to Roe versus, Roe in 2002, which is ... Well, your site, actually, when you reply to the interlocutory appeal as proper, you cite Barron's, Cottrell, Johnson, and Koch. Correct, but ... And the problem is, none of those are unassailable, but none of them stand for the proposition that if the only issue is the sufficiency of the evidence, that we can take it on an interlocutory basis. And that's why ... None of these cases stand for that. None of those specifically do. This Roe case, though, does, and it deals with the planting of evidence, and it was decided on interlocutory appeal. If you have nothing further ... Would you ... Would you have anything else? No. No. Thanks very much. Thank you both, and we'll take the case under advisement and move on to the third and the last of our cases this morning, which is manual ...